UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GEYER, | No. 2:17-cv-0501 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| THOMAS A. FERRARA, et al., | |
| Defendants. | |

Plaintiff, a former pretrial detainee, proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee.

I.     <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners[1] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

---

[1] Plaintiff was a pretrial detainee at the time he filed the complaint. ECF No. 1 at 1. As a pretrial detainee, plaintiff falls within the statutory definition of "prisoner" for purposes of screening. 28 U.S.C. § 1915A(c) ("[T]he term 'prisoner' [includes] any person . . . detained in any facility who is accused of . . . violations of criminal law.").

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II. Complaint

In the complaint, plaintiff claims that defendants Ferrara, Price, Nagar, and Lewis violated his rights under the Fifth and Fourteenth Amendments. ECF No. 1 at 2-4. Plaintiff alleges that he, along with all other pretrial detainees at Solano County Jail, was not provided a private room while being screened for medical and mental health conditions. Id. Instead, he was brought to a chair next to the sheriff's desk – an area that plaintiff compares to a cubicle – for his medical and mental health screening. Id. at 6. Plaintiff complains that while "the most private matters are discussed" between the pretrial detainee and medical professional, "plumbers, officers, [and other] inmates are p[re]sent and listening to everything." Id. at 3. Plaintiff alleges that due to the presence of these third parties, he was too embarrassed to fully disclose his ailments to his medical and mental health care providers. Id. He asserts that the lack of confidentiality impairs the diagnostic process and violates his privacy rights. Id. at 4, 6. Plaintiff seeks $100,000,000 in damages and injunctive relief. Id. at 6.

## III. Failure to State a Claim

As a preliminary matter, plaintiff's complaint cites violations of both the Fifth and Fourteenth Amendments. ECF No. 1 at 3-4. However, the facts underlying plaintiff's allegations are more appropriately analyzed under the Fourteenth Amendment—not the Fifth Amendment— because the Fifth Amendment's Due Process Clause applies only to the federal government. Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) ("'Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safe-guarded against state action in identical words by the Fourteenth.'" (quoting Betts v. Brady, 316 U.S. 455, 462 (1942))). Here, plaintiff does not challenge the actions of the federal government or its agents. Therefore, the allegations in the complaint only state facts that implicate the Fourteenth Amendment's Due Process Clause.

### A. Failure to Link Claims Against Defendants

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

3

alleged violation was committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

Liability under § 1983 may not be premised on the respondeat superior or vicarious liability doctrines. Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). Nevertheless, direct participation is not always necessary. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisory official may be liable for the actions of his or her employees when there is a specific causal link between him and the claimed constitutional violation. Id. Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Significantly, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted); Johnson, 588 F.2d at 743 ("The requisite causal connection can be established not only by some kind of direct participation . . . , but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." (citation omitted)).

The complaint names four defendants: (1) Sheriff Thomas A. Ferrara; (2) Harry Price,

Mayor of Fairfield; (3) Dinesh Nagar,[2] Head of Medical at Solano County Detention Facility; and (4) Dr. Jim Lewis. ECF No. 1 at 2. As currently framed, the complaint does not allege in any specific terms how each of the four named defendants is involved. Furthermore, the complaint does not show an affirmative link between any of the defendants' actions and the claimed deprivation, nor does it allege overt acts of the defendants.

Additionally, based on the allegations set forth in plaintiff's complaint, it appears he may be attempting to bring claims against the county itself, though he has not named the county as a defendant. A municipality or local government unit may be sued under § 1983 if its policy led to a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Similarly, supervisors can also be liable due to their implementation of a policy so defective it constitutes a constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citation omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 836 (1994). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989). To the extent plaintiff wishes to challenge specific county policies or practices, plaintiff must either name the county in his complaint or explain how the individual defendants already named in the complaint are responsible for the county's policy. Plaintiff must also identify the policy, custom, or practice he wishes to challenge and state a basis for how that policy violated his constitutional rights.

Without proffering any facts to reasonably show that any of the named defendants caused some violation, plaintiff has not stated a cognizable claim against any of them. However, since plaintiff may be able to allege additional facts linking these defendants to the alleged constitutional violations, he will be given leave to amend.

      B. Plaintiff's Right to Privacy Claim

The Constitution protects the individual's interest in avoiding disclosure of personal matters. Whalen v. Roe, 429 U.S. 589, 598-99 (1977). This includes medical information. Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004) ("Individuals have a

---

[2] Identified in the caption as Nagar Dinesh. ECF No. 1 at 1.

constitutionally protected interest in avoiding 'disclosure of personal matters,' including medical information." (citation omitted)). The privacy protections afforded to medical information, however, are not absolute, and can be infringed when there is a "proper government interest," United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (9th Cir. 1980) ("Information about one's body and state of health is matter which the individual is ordinarily entitled to retain within the 'private enclave where he may lead a private life.'" (footnote citation omitted)), and the privacy rights of pretrial detainees are severely curtailed by their confinement, Bell v. Wolfish, 441 U.S. 520, 537 (1979) (recognizing that loss of privacy is an "inherent incident" of confinement in pretrial detention); United States v. Van Poyck, 77 F.3d 285, 291 & n.10 (9th Cir. 1996) ("The extent of curtailment [of privacy rights] for pretrial detainees is the same as for convicted inmates." (citation omitted)). In the prison context, where inmates have generally reduced privacy rights, the state's legitimate penological interests are accorded significant weight. Seaton v. Mayberg, 610 F.3d 530, 534-35 (9th Cir. 2010).

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999) (citation omitted). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). To have standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (citations omitted). To satisfy Article III standing, a plaintiff must therefore allege: (1) an injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. Monsato Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements . . . with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561 (citations omitted).

6

In this case, plaintiff alleges that defendants violated his right to privacy, specifically as it pertains to his medical information. Plaintiff's complaint focuses on the alleged "unauthorized disclosure of confidential patient information" that results from the location of medical screening sessions. ECF No. 1 at 3-4. However, plaintiff claims he was too embarrassed to share his medical information with providers out of fear that third parties would overhear his statements, indicating that his information was never revealed. Moreover, even if plaintiff did reveal some of his confidential medical information, it is unclear whether his medical information was ever actually compromised. From the facts offered in plaintiff's complaint, it appears that his sensitive information was only *potentially* subject to a breach due to the general presence of third parties near the treatment area. Because plaintiff does not claim that his information was actually overheard or disclosed to third parties, he has not shown an injury-in-fact – an essential component of standing.

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Clapper, 568 U.S. at 409 ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted). In this case, to show an injury sufficient to confer standing, plaintiff must allege facts that show that his right to privacy was actually breached through disclosure to third parties. On the current facts, whether plaintiff's sensitive information has ever been compromised is unknown. As a threshold matter, plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information, and his claim for violation of his constitutional right to privacy will therefore be dismissed with leave to amend to allege facts sufficient to demonstrate standing.

C. Alleged Violation of the Physician-Patient Privilege

To the extent plaintiff alleges a denial of the physician-patient privilege (ECF No. 1 at 3, 6), the privilege is an evidentiary rule created by state law that does not confer substantive constitutional rights on a plaintiff. Whalen, 429 U.S. at 602 n.28 (citations omitted); In re Grand Jury Proceedings, 801 F.2d 1164, 1169 (9th Cir. 1986) (citations omitted). Further, even if federal courts recognized this privilege, it is inapplicable here because it protects a person who

has imparted confidential information to a physician from having such information revealed during litigation. Cal. Evid. Code § 994; Soto v. City of Concord, 162 F.R.D. 603, 618 (N.D. Cal. 1995). Nevertheless, while the privilege is not an independent basis for plaintiff to state a claim, it may be relevant to show injury or the extent of plaintiff's damages. For example, plaintiff may have facts to show that the loss of his physician-patient privilege was a direct injury resulting from his privacy claim. Therefore, to the extent his complaint attempts to allege a denial of the physician-patient privilege, plaintiff may not proceed with an independent cause of action on this theory, but his allegations may be relevant to the injury and damages arising from his underlying privacy claim.

### D. Deliberate Indifference

Plaintiff was a pretrial detainee at Solano County Jail at all times relevant to the complaint. ECF No. 1 at 1. Challenges brought by pretrial detainees relating to the conditions of their confinement are properly analyzed under the Fourteenth Amendment's Due Process Clause. Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citation omitted).

"[P]retrial detainees . . . retain at least those constitutional rights that . . . are enjoyed by convicted prisoners." Bell, 441 U.S. at 545. In examining the conditions of pretrial detention, the question "is whether those conditions amount to punishment of the detainee." Id. at 535. "Under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. "Absent a showing of an expressed intent to punish," a court must consider whether "a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective," and thus, without more, non-punitive. Id. at 538-39 (citations omitted). A court may infer punitive intent if the challenged condition is "arbitrary or purposeless." Id. at 539.

In order to demonstrate objective deliberate indifference to a pretrial detainee's serious medical needs, a plaintiff must satisfy four elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the

> circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018). To satisfy the third element the defendant's conduct must be objectively unreasonable—a mere lack of due care is insufficient. Id. (citations omitted). "[T]he plaintiff must 'prove more than negligence but less than subjective intent—something akin to reckless disregard.'" Id. (quoting Castro, 833 F.3d at 1071).

Plaintiff alleges that due to the conditions of his pretrial detention, he was too embarrassed to tell his medical provider about his medical conditions. ECF No. 1 at 3. However, he fails to identify whether and to what extent the defendants caused him injury due to deliberate indifference to his medical needs. To the extent that plaintiff contends he did not receive adequate medical care because of his embarrassment and resulting inability to freely communicate his conditions, plaintiff has not stated sufficient facts to support this claim. For example, plaintiff does not indicate whether the embarrassment arising from the conditions of his detention resulted in the failure to treat him for specific medical conditions. Since plaintiff may be able to allege additional facts that show an injury from the alleged deliberate indifference to his medical needs, he will be given leave to amend this claim.

### E. Alleged Violation of State Law

Plaintiff appears to allege that defendants also violated his right to privacy under state law, as he refers to California Penal Code § 636(b) throughout his complaint and, as part of his request for relief, demands enforcement of Penal Code § 636. ECF No. 1 at 3-4, 6. Section 636(b) provides that "[e]very person who, intentionally and without permission from all parties to the conversation, nonelectronically eavesdrops upon a conversation, or any portion thereof, that occurs between a person who is in the physical custody of a law enforcement officer . . . and that person's . . . licensed physician, is guilty of a public offense." It "does not apply to conversations that are inadvertently overheard." Id. California Penal Code § 637.2 provides a private right of action for violations of § 636.

9

Plaintiff does not allege that any of the defendants listened in on his conversations with his physicians and does not name any individuals that allegedly listened in as defendants. Furthermore, even if he did name any individuals who allegedly overheard his conversations, there is no indication that their actions were anything more than inadvertent, due to the location of the meetings with his health care providers. Plaintiff has therefore failed to allege a violation of § 636(b).

IV. <u>Leave to Amend</u>

If plaintiff chooses to file a first amended complaint, he must, as a threshold matter, allege what specific injury he suffered; for example, whether his information was actually compromised. He must also allege in specific terms how each named defendant is involved. <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>Johnson</u>, 588 F.2d at 743. Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey</u>, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. To state a claim for relief, you must explain what each

10

defendant did or did not do that violated your rights. If you want to challenge a policy or practice of the county or its officials, you must identify that policy or practice in your complaint and explain how it violated your rights. Your claim that your privacy rights have been violated does not have any facts showing that you have any actual injury because your facts do not show that your private information was ever actually overheard by third parties. Finally, for any claim of deliberate indifference, you must explain what risk you were at that the defendants did not take reasonable steps to prevent and what injury you suffered. Being too embarrassed to speak with your doctor, by itself, is not a sufficient injury, but not being treated or getting insufficient treatment for a condition because you were too embarrassed to speak with a provider may be.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims or information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 16, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE